# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICIA LEE CUMMINGS** | **CIVIL ACTION NO. _____** |
| **VERSUS** | **JUDGE** |
| **WINN-DIXIE MONTGOMERY, LLC and XYZ INSURANCE COMPANY** | **MAGISTRATE JUDGE** |

## NOTICE OF REMOVAL

**NOW INTO COURT,** through undersigned counsel, comes defendant, **WINN-DIXIE MONTGOMERY, LLC**, who pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446, hereby files this Notice of Removal of that matter now pending in the 19th Judicial District Court, in and for the Parish of East Baton Rouge, State of Louisiana, captioned: *Patricia Lee Cummings versus Winn-Dixie Montgomery, LLC*, bearing Docket Number 630,337, Section 25, to the United States District Court for the Middle District of Louisiana. A copy of this Notice of Removal is herewith served upon counsel of record for all parties, and further filed with the Clerk of the aforesaid state court, in conformity with 28 U.S.C. § 1446(d).

Defendant respectfully represents the grounds for removal as follows:

1.

On May 8, 2014, the aforementioned Petition for Damages was filed in the 19th Judicial District Court against Winn-Dixie Montgomery, LLC and XYZ Insurance Company.

2.

The Petition was served and received by Defendant on May 21, 2014.

3.

According to the Petition for Damages, Plaintiff, Patricia Lee Cummings, is a citizen of the State of Louisiana.

4.

Defendant, Winn-Dixie Montgomery, LLC is a citizen of the State of Florida as the sole member of Winn-Dixie Montgomery, LLC is Winn-Dixie Stores, Inc., which is a citizen of the State of Florida as it is incorporated in and maintains its principal place of business in the State of Florida.

5.

In addition, Plaintiff named XYZ Insurance Company as a defendant. According to the Petition, XYZ Insurance Company is a foreign limited liability company, although its identity remains a mystery.

6.

Pursuant to 28 USCA §1441(a) for purposes of a removal action, the citizenship of defendants sued under fictitious names shall be disregarded.

7.

This suit is between citizens of different states for purposes of 28 USC §1332(a), and complete diversity of citizenship exists between Plaintiff and Defendant. Complete diversity also existed at the time Plaintiff filed her Petition.

8.

In addition, the amount in controversy exceeds the jurisdictional limit of $75,000.00.

9.

In her Petition for Damages, Plaintiff averred in Paragraph 10 (attached hereto as Exhibit "A"), that her damages are in excess of the amount necessary for a jury trial, but failed to otherwise set forth an amount in controversy.

10.

However, Plaintiff did allege that as a result of the fall she incurred medical and drug expenses, physical and mental pain and suffering, lost wages, disability and inconvenience.

11.

Thereafter, on March 19, 2015, Plaintiff provided her discovery responses, which reveal that Plaintiff is attributing at least one surgery to the subject accident. In that regard, Plaintiff responded as follows:

> **INTERROGATORY NO. 19**
>
> Please itemize in detail all general and special damages to which you believe you are entitled as a result of the above captioned suit and please indicate the dollar amount of each such item of damages you have alleged in your petition and how that dollar amount was determined.
>
> **RESPONSE TO INTERROGATORY NO. 19**
>
> Plaintiff has not received a list of all of her medical bills at this time, so it is impossible to itemize her special damages. She is scheduled from gall bladder surgery on April 16, 2015. After that surgery Dr. Rodriguez will perform surgery on her right shoulder. After the surgery Plaintiff will have a better idea of her general damages.

(A copy of Plaintiff's discovery responses is attached hereto as Exhibit "B").

12.

In light of the foregoing, the amount in controversy clearly exceeds the jurisdictional requirement as set forth in 28 U.S.C. §1332 since Plaintiff averred that her cause of action

exceeded $50,000.00 at the time the suit was filed and prior to the contemplation of shoulder surgery.

13.

Since complete diversity exists and the amount in controversy exceeds the jurisdictional requirement of §1332, this Honorable Court has original jurisdiction of the above-entitled action pursuant to 28 USC §1332 and, therefore, removal of this action from state court to this Court is proper pursuant to 28 USC §1441(a).

14.

This Notice of Removal is timely, as it has been filed within thirty (30) days after receipt by Defendant of notice regarding Plaintiff's scheduled surgery, at which time it could first be ascertained that this matter is or had become removable.

15.

Attached hereto as Exhibit "A" is a copy of all process, pleadings and orders served upon Defendant in the state court action, pursuant to 28 U.S.C. §1446(a).

16.

Pursuant to 28 U.S.C. §1446(d), Winn-Dixie Montgomery, LLC has this day given and served written notice of this removal on all adverse parties through their counsel of record and have filed a copy of this Notice of Removal with the Clerk of Court in the state action where the instant suit was originally filed. (See Exhibit "C," cover letter and Notice of Filing Notice of Removal.) Pursuant to 28 U.S.C. §1446(a) and Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel states that the averments of this Notice of Removal are well-grounded in

fact and are warranted by existing law and that this matter is within the jurisdiction of this Court pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 et seq.

17.

Winn-Dixie Montgomery, LLC requests a trial by jury.

**WHEREFORE**, Defendant, Winn-Dixie Montgomery, LLC, prays that this Notice of Removal be deemed good and sufficient as required by law, that the aforesaid action, *Patricia Lee Cummings versus Winn-Dixie Montgomery, LLC*, bearing Docket Number 630,337, Section 25, on the docket of the 19th Judicial District Court, in and for the Parish of East Baton Rouge, State of Louisiana, be removed to the United States District Court for the Middle District of Louisiana, and that this Court have and assume full and complete jurisdiction therefore and issue all necessary orders and grant all general and equitable relief to which defendant might be entitled, and that all further proceedings in the state court be discontinued.

Respectfully submitted:

**ERLINGSON BANKS, PLLC**

By: _____Mary E. Colvin_____
JUDSON G. BANKS (#27369) TA
MARY E. COLVIN (#33069)
One American Place
301 Main Street, Suite 2110
Baton Rouge, Louisiana 70801
Telephone: (225) 218-4446
Facsimile: (225) 246-2876
*Attorneys for Winn-Dixie Montgomery, LLC*

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing Notice of Removal has this day been mailed by U.S. mail, postage prepaid, to counsel of record as follows:

Allen Posey, Jr. (#10617)
Attorney at Law
4920 Jamestown Avenue
Baton Rouge, LA   70808

Baton Rouge, Louisiana, this 31st day of March, 2015.

                                  _____*s/Mary Colvin*_____
                                          Mary E. Colvin

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICIA LEE CUMMINGS** | **CIVIL ACTION NO. _____** |
| **VERSUS** | **JUDGE** |
| **WINN-DIXIE MONTGOMERY, LLC and XYZ INSURANCE COMPANY** | **MAGISTRATE JUDGE** |

## CERTIFICATE

**NOW INTO COURT,** through undersigned counsel, comes Defendant, **WINN-DIXIE MONTGOMERY, LLC,** who states that Exhibit "A" attached hereto constitutes the entire state court record of "**PATRICIA LEE CUMMINGS versus WINN-DIXIE MONTGOMERY, LLC; 630,337, Section 25**" on the docket of the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana, as it understands it to be.

          Respectfully submitted:

          **ERLINGSON BANKS, PLLC**

By: _____Mary E. Colvin_____
JUDSON G. BANKS (#27369) TA
MARY E. COLVIN (#33069)
One American Place
301 Main Street, Suite 2110
Baton Rouge, Louisiana 70801
Telephone: (225) 218-4446
Facsimile: (225) 246-2876
*Attorneys for Winn-Dixie Montgomery, LLC*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PATRICIA LEE CUMMINGS** | **CIVIL ACTION NO. _____** |
| **VERSUS** | **JUDGE** |
| **WINN-DIXIE MONTGOMERY, LLC and XYZ INSURANCE COMPANY** | **MAGISTRATE JUDGE** |

### LIST OF ALL DOCUMENTS INCLUDED IN STATE COURT RECORD

1. Plaintiff's Petition for Damages (filed May 8, 2014)

2. Citation for Plaintiff's Petition

3. Winn-Dixie Montgomery, LLC's Answer

4. Winn-Dixie Montgomery, LLC's Request for Written Notice

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICIA LEE CUMMINGS** | **CIVIL ACTION NO.** _____ |
| **VERSUS** | **JUDGE** |
| **WINN-DIXIE MONTGOMERY, LLC and XYZ INSURANCE COMPANY** | **MAGISTRATE JUDGE** |

## LIST OF ALL COUNSEL OF RECORD

**Counsel for Plaintiff, Patricia Lee Cummings**

Allen Posey, Jr. (#10617)
Attorney at Law
4920 Jamestown Avenue
Baton Rouge, LA 70808

**Counsel for Defendant, Winn-Dixie Montgomery, LLC**

Judson G. Banks (#27369) TA
Mary E. Colvin (#33069)
One American Place
301 Main Street, Suite 2110
Baton Rouge, Louisiana 70801