030337 **SEC. 25**

| | | |
|---|---|---|
| PATRICIA LEE CUMMINGS | NUMBER: | SECTION: |
| VERSUS | 19TH JUDICIAL DISTRICT COURT | |
| WINN-DIXIE MONTGOMERY, LLC and XYZ INSURANCE COMPANY | PARISH OF EAST BATON ROUGE STATE OF LOUISIANA | |

### PETITION FOR DAMAGES

Petitioner, Patricia Lee Cummings a major resident of and domiciled in East Baton Rouge Parish, Louisiana, respectfully represents that:

1.

Made Defendants herein are:
A. WINN-DIXIE MONTGOMERY, LLC ("Winn-Dixie"), a foreign limited liability company authorized to do and doing business in the State of Louisiana, and whose agent for service of process is CSC of St. Tammany Parish, Inc., 215 St. Ann Drive, Suite 2, Mandeville, Louisiana 70471-3394; and,
B. XYZ INSURANCE COMPANY, a foreign liability insurance company, licensed to do business in the State of Louisiana and who may be cited and served through the Louisiana Secretary of State.

2.

On or about the 11th day of May 2013, Defendant, Winn-Dixie, occupied a building and conducted business in the Parish of East Baton Rouge, Louisiana at 10974 Joor Road, Baton Rouge, Louisiana 70818.

3.

On May 11, 2013, Petitioner was admitted to Winn-Dixie's place of business as a customer, and was shopping inside the business premises.

4.

As Petitioner was shopping, she proceeded down the large center aisle by the ice cream, and slipped in water on the floor. When Petitioner fell to the floor she injured her knee and shoulder.

5.

Petitioner shows that the water on the floor constituted an unreasonable risk of injury; that this condition caused the injury to Petitioner, and as a result, Defendant is liable to Petitioner for her damages.

6.

After Plaintiff fell one of the cashiers, who was only a feet away from Petitioner, stated that someone had dropped a container of water and another employee had gone to get a mop to mop it up.

7.

Alternatively, Petitioner shows that her damages were caused by the negligence of Defendant which negligence consisted particularly, but not exclusively, of the following:
A. Failure to keep their floors free from obstacles/substances, including water;
B. Failure to properly inspect their premises;
C. Failure to properly train their personnel in the proper and safe method to maintain a safe environment for shoppers;



REC'D C.P.


EXHIBIT A

D. Failure to recognize and eliminate the dangerous condition existing with respect to the wet floor;

E. Failure to provide for the safety of the general public admitted to its place of business;

F. Failure to mark and/or warn customers of a known hazard (water on the floor);

G. Other such acts of negligence which are within the knowledge of Defendant; and,

H. Other such acts of negligence as will be shown at the trial on the merits of this case.

8.

Petitioner shows that as a result of this fall, she has incurred medical and drug expenses, sustained physical and mental pain and suffering, lost wages, disability and inconvenience, all of which entitle her to recover from the Defendant such damages as are reasonable in the premises.

9.

Petitioner further alleges upon information and belief that Defendant, XYZ Insurance Company, had issued a policy of general liability insurance to Winn-Dixie, insuring Winn-Dixie against liability as set forth herein; and further that such policy was in full force and effect at the time of the loss described above.

10.

Petitioner prays for trial by jury.

11.

In accordance with Louisiana Code of Civil Procedure Article 1572, Petitioner requests written notice of any and all assignments of this case for trial or hearing. Petitioner further requests immediate notice of all orders and judgments, whether interlocutory or final, made or rendered in this case, upon the rendition thereof as provided by LSA-C.C.P. articles 1913 and 1914, including notice of judgment in the event this case be taken under advisement or if a judgment is not signed at the conclusion of trial.

WHEREFORE, Petitioner, Patricia Lee Cummings, respectfully prays that after due proceedings are had, there be judgment herein in favor of Petitioner, Patricia Lee Cummings, and against Defendants, Winn-Dixie Montgomery, LLC and XYZ Insurance Company, in solido, for all such damages as are reasonable in the premises, together with legal interest thereon from date of judicial demand until paid, and for all costs of court.

PETITIONER FURTHER PRAYS for trial by jury.

PETITIONER FURTHER PRAYS for all other such relief to which she may be entitled by law, equity and the nature of the case.

Respectfully submitted:

Allen M. Posey, Jr. - LSBA #10617
4920 Jamestown Avenue
Baton Rouge, Louisiana 70808
T:(225)926-3120  F:(225)928-9446
Attorney for Petitioner

**INFORMATION FOR SERVICE:**

Please serve Winn-Dixie Montgomery, LLC through its agent for service, CSC of St. Tammany Parish, Inc., 215 St. Ann Drive, Suite 2, Mandeville, Louisiana 70471-3394; and



**CORPORATION SERVICE COMPANY**

MDM / PERINJ
Transmittal Number: 12547748
Date Processed: 05/21/2014

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Katelyn Linville<br>Bi-Lo<br>5050 Edgewood Court<br>Jacksonville, FL 32254 |
| Copy of transmittal only provided to: | Ellen Godwin<br>Janet O'Rourke |
| **Entity:** | Winn-Dixie Montgomery, LLC<br>Entity ID Number 1710488 |
| **Entity Served:** | Winn Dixie Montgomery, LLC |
| **Title of Action:** | Patricia Lee Cummings vs. Winn-Dixie Montgomery, LLC |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | East Baton Rouge Parish District Court, Louisiana |
| **Case/Reference No:** | 630337 |
| **Jurisdiction Served:** | Louisiana |
| **Date Served on CSC:** | 05/21/2014 |
| **Answer or Appearance Due:** | 15 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Allen M. Posey, Jr.<br>225-926-3120 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscinfo.com

2302-14-000951

# CITATION

PATRICIA LEE CUMMINGS
(Plaintiff)

vs.

WINN DIXIE MONTGOMERY, LLC
(Defendant)

NUMBER C630337 SECTION 25

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

TO:  WINN DIXIE MONTGOMERY, LLC
THROUGH ITS AGENT FOR SERVICE
CSC OF ST. TAMMANY PARISH, INC.
215 ST. ANN DRIVE, SUITE 2
MANDEVILLE, LA 70471

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **12-MAY-2014**.



Catherine O. Brandon
*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: ALLEN M POSEY JR**

*The following documents are attached:
**PETITION FOR DAMAGES**

---

**SERVICE INFORMATION:**
Received on the _____ day of _____, 20____ and on the _____ day of _____, 20_____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of _____, this _____ day of _____, 20_____.

| SERVICE: | $_____ | |
|---|---|---|
| MILEAGE | $_____ | Deputy Sheriff |
| TOTAL: | $_____ | |

**CITATION (OOP) - 2302**


EBR2347415

C630337

**SEC. 25**

PATRICIA LEE CUMMINGS           NUMBER:        SECTION:

                                19TH JUDICIAL DISTRICT COURT

VERSUS

                                PARISH OF EAST BATON ROUGE

WINN-DIXIE MONTGOMERY, LLC
and XYZ INSURANCE COMPANY       STATE OF LOUISIANA

## PETITION FOR DAMAGES

Petitioner, Patricia Lee Cummings a major resident of and domiciled in East Baton Rouge Parish, Louisiana, respectfully represents that:

1.

Made Defendants herein are:

A. WINN-DIXIE MONTGOMERY, LLC ("Winn-Dixie"), a foreign limited liability company authorized to do and doing business in the State of Louisiana, and whose agent for service of process is CSC of St. Tammany Parish, Inc., 215 St. Ann Drive, Suite 2, Mandeville, Louisiana 70471-3394; and,

B. XYZ INSURANCE COMPANY, a foreign liability insurance company, licensed to do business in the State of Louisiana and who may be cited and served through the Louisiana Secretary of State.

2.

On or about the 11th day of May 2013, Defendant, Winn-Dixie, occupied a building and conducted business in the Parish of East Baton Rouge, Louisiana at 10974 Joor Road, Baton Rouge, Louisiana 70818.

3.

On May 11, 2013, Petitioner was admitted to Winn-Dixie's place of business as a customer, and was shopping inside the business premises.

4.

As Petitioner was shopping, she proceeded down the large center aisle by the ice cream, and slipped in water on the floor. When Petitioner fell to the floor she injured her knee and shoulder.

5.

Petitioner shows that the water on the floor constituted an unreasonable risk of injury; that this condition caused the injury to Petitioner, and as a result, Defendant is liable to Petitioner for her damages.

6.

After Plaintiff fell one of the cashiers, who was only a feet away from Petitioner, stated that someone had dropped a container of water and another employee had gone to get a mop to mop it up.

7.

Alternatively, Petitioner shows that her damages were caused by the negligence of Defendant which negligence consisted particularly, but not exclusively, of the following:

A. Failure to keep their floors free from obstacles/substances, including water;
B. Failure to properly inspect their premises;
C. Failure to properly train their personnel in the proper and safe method to maintain a safe environment for shoppers;

REC'D C.P.

MAY -9 2014



Certified True and
Correct Copy
eCertID: 000139435

Catherine O. Brandon
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date:
5/12/2014 9:23 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

D. Failure to recognize and eliminate the dangerous condition existing with respect to the wet floor;

E. Failure to provide for the safety of the general public admitted to its place of business;

F. Failure to mark and/or warn customers of a known hazard (water on the floor);

G. Other such acts of negligence which are within the knowledge of Defendant; and,

H. Other such acts of negligence as will be shown at the trial on the merits of this case.

8.

Petitioner shows that as a result of this fall, she has incurred medical and drug expenses, sustained physical and mental pain and suffering, lost wages, disability and inconvenience, all of which entitle her to recover from the Defendant such damages as are reasonable in the premises.

9.

Petitioner further alleges upon information and belief that Defendant, XYZ Insurance Company, had issued a policy of general liability insurance to Winn-Dixie, insuring Winn-Dixie against liability as set forth herein; and further that such policy was in full force and effect at the time of the loss described above.

10.

Petitioner prays for trial by jury.

11.

In accordance with Louisiana Code of Civil Procedure Article 1572, Petitioner requests written notice of any and all assignments of this case for trial or hearing. Petitioner further requests immediate notice of all orders and judgments, whether interlocutory or final, made or rendered in this case, upon the rendition thereof as provided by LSA-C.C.P. articles 1913 and 1914, including notice of judgment in the event this case be taken under advisement or if a judgment is not signed at the conclusion of trial.

WHEREFORE, Petitioner, Patricia Lee Cummings, respectfully prays that after due proceedings are had, there be judgment herein in favor of Petitioner, Patricia Lee Cummings, and against Defendants, Winn-Dixie Montgomery, LLC and XYZ Insurance Company, in solido, for all such damages as are reasonable in the premises, together with legal interest thereon from date of judicial demand until paid, and for all costs of court.

PETITIONER FURTHER PRAYS for trial by jury.

PETITIONER FURTHER PRAYS for all other such relief to which she may be entitled by law, equity or the nature of the case.



Respectfully submitted:

Allen M. Posey, Jr. - LSBA #10617
4920 Jamestown Avenue
Baton Rouge, Louisiana 70808
T:(225)926-3120  F:(225)928-9446
Attorney for Petitioner

**INFORMATION FOR SERVICE:**

Please serve Winn-Dixie Montgomery, LLC through its agent for service, CSC of St. Tammany Parish, Inc., 215 St. Ann Drive, Suite 2, Mandeville, Louisiana 70471-3394; and

Certified True and Correct Copy
eCertID: 000139435
Catherine O. Brandon
East Baton Rouge Parish
Deputy Clerk of Court

Generated Date: 5/12/2014 9:23 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

| PATRICIA LEE CUMMINGS | NUMBER 630337 SECTION "25" |
|---|---|
| VERSUS | 19TH JUDICIAL DISTRICT COURT |
| | PARISH OF EAST BATON ROUGE |
| WINN-DIXIE MONTGOMERY, LLC and XYZ INSURANCE COMPANY | STATE OF LOUISIANA |

## WINN-DIXIE MONTGOMERY, LLC'S ANSWER TO PLAINTIFF'S PETITION FOR DAMAGES, AFFIRMATIVE DEFENSES AND JURY DEMAND

NOW INTO COURT, through undersigned counsel, comes WINN-DIXIE MONTGOMERY, L.L.C., purportedly made Defendant herein, which in answer to Plaintiff's Petition, pleads as follows:

1.

Defendant denies the allegations contained in Paragraph 1 of Plaintiff's Petition except to admit that Winn-Dixie Montgomery, LLC is a foreign limited liability company authorized to do and doing business in the State of Louisiana.

2.

Defendant denies the allegations contained in Paragraph 2 of Plaintiff's Petition.

3.

Defendant denies the allegations contained in Paragraph 3 of Plaintiff's Petition.

4.

Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Petition.

5.

Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Petition.

6.

Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Petition.

7.

Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Petition, including any and all subparts.

8.

Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Petition.

9.

Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Petition.

1

10.

The allegations contained in Paragraph 10 of Plaintiff's Petition for Damages do not require a response from Defendant. However, to the extent a response is deemed required, Defendant respectfully avers that plaintiff's cause of action does not exceed the principal sum of Fifty Thousand and No/100 Dollars ($50,000).

11.

The allegations contained in Paragraph 11 of Plaintiff's Petition for Damages do not require a response from Defendant.

12.

In further responding, Defendant denies the allegations and conclusions set forth in the final unnumbered paragraph of Plaintiff's Petition for Damages that constitutes Plaintiff's prayer for relief.

## REQUEST FOR JURY TRIAL

13.

The responding defendant respectfully avers that Plaintiff's cause of action does not exceed the principal sum of Fifty Thousand and No/100 Dollars ($50,000). Alternatively, and only in the event that it is determined that Plaintiff's cause of action exceeds the principal sum of Fifty Thousand and No/100 Dollars ($50,000), which is specifically denied, then Defendant is entitled to and respectfully prays for a trial by jury.

## AFFIRMATIVE DEFENSES

AND NOW FURTHER, in Answer to Plaintiff's original Petition for Damages, Defendant, Winn-Dixie Montgomery, LLC, avers as follows:

## FIRST DEFENSE

Defendant denies that it or anyone for whom it may or could be held responsible, was guilty of any actionable fault which either proximately caused or contributed to the alleged damages suffered by the Plaintiff herein.

## SECOND DEFENSE

Defendant avers that if Plaintiff sustained injuries or incurred damages in the manner alleged in the Petition, which injuries and/or damages are specifically denied, then the alleged injury (or injuries) or damages occurred solely through the fault, neglect and want of due care on

the part of third parties in a number of respects, all of which will be shown at the trial of this matter, and for which plaintiff can have no recovery against defendants herein, or, in the alternative, for which plaintiff's recovery should be appropriately reduced in accordance with Louisiana Civil Code article 2323.

### THIRD DEFENSE

Defendant avers that if Plaintiff sustained injuries and/or damages in the manner alleged in the Petition, which injuries and/or damages are specifically denied, then the alleged injury (or injuries) or damages occurred solely through the fault, negligence and want of due care on the part of the plaintiff in a number of respects, all of which will be shown at trial of this cause, and for which Plaintiff can have no recovery against Defendant herein, or, in the alternative, for which Plaintiff's recovery should be appropriately reduced in accordance with Louisiana Civil Code article 2323; said negligence and/or fault being comprised of the following non-exclusive, particularized acts and/or failures to act, among others, to be more fully shown at the time of proven at the trial of this matter.

### FOURTH DEFENSE

Defendant affirmatively pleads that Plaintiff failed to mitigate her damages.

### FIFTH DEFENSE

Defendant affirmatively avers that the injuries and/or resulting disability alleged by Plaintiff existed prior to the alleged accident, and, as such, the Defendant is not liable for said injuries, disabilities, and any resulting damages to Plaintiff. In the alternative, and only in the event that it is found that these pre-existing injuries were aggravated by the alleged accident, Defendant avers its entitlement to the limitation of damages claimed against it to those resulting from the aggravation alone and not from the pre-existing injuries.

### SIXTH DEFENSE

Defendant herein exercised reasonable effort to keep its premises free of hazardous conditions.

### SEVENTH DEFENSE

The alleged condition did not present an unreasonable risk of harm.

### EIGHTH DEFENSE

Defendant herein exercised reasonable care.

## NINTH DEFENSE

Defendant herein exercised reasonable care to keep its aisles, passageways and floors in a reasonable safe condition.

## TENTH DEFENSE

Defendant pleads the Dilatory Exception of Vagueness as to the allegations set forth in Paragraph 7H of Plaintiff's Petition for Damages set forth as "Other such acts of negligence as will be shown at trial on the merits of this case" as vague and open ended which should be stricken from the pleadings. *Snoddy v. City of Marksville*, 97-327 (La. App. 3rd Cir. 10/09/97), 702 So.2d 890.

**WHEREFORE**, Defendant, Winn-Dixie Montgomery, LLC, prays that after all due proceedings have been had, there be judgment rendered herein in its favor, and against Plaintiff, PATRICIA CUMMINGS, rejecting and denying Plaintiff's demands with prejudice, and at Plaintiff's costs.

Respectfully submitted,

ERLINGSON BANKS, P.L.L.C.

BY: _____
MARY G. ERLINGSON (19562)
JUDSON G. BANKS (27369)
MARY E. COLVIN (33069)
301 Main St., Suite 2110
Baton Rouge, Louisiana 70801
Telephone: (225) 218-4446
Facsimile: (225) 246-2876

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the above and foregoing Answer has this day been placed in the U.S. mail, postage prepaid, and properly addressed to:

Allen M. Posey, Jr.
4920 Jamestown Avenue
Baton Rouge, Louisiana 70808

Baton Rouge, Louisiana, this 23RD day of June, 2014.

_____
Mary E. Colvin

4

| PATRICIA LEE CUMMINGS | NUMBER 630337    SECTION "25" |
|---|---|
| VERSUS | 19TH JUDICIAL DISTRICT COURT |
| | PARISH OF EAST BATON ROUGE |
| WINN-DIXIE MONTGOMERY, LLC and XYZ INSURANCE COMPANY | STATE OF LOUISIANA |

## REQUEST FOR WRITTEN NOTICE

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, you are hereby requested to send to us, as counsel of record for WINN-DIXIE MONTGOMERY, LLC, written notice, by mail, at least ten (10) days in advance of any date fixed for any trial or hearing on this case, whether on exceptions, rules, or on the merits thereof, or any assignment or fixing of said case.

And in accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, you are hereby also requested to send to us immediate notice of any order or judgment made or rendered in this case, upon the entry of such order or judgment.

This request for notice is made with full reservation of all rights and we thank you for your customary courtesy and cooperation.

Respectfully submitted,

ERLINGSON BANKS, PLLC

BY: _____
MARY G. ERLINGSON (#19562)
JUDSON G. BANKS (#27369)
MARY E. COLVIN (33069)
One American Place
301 Main Street, Suite 2110
Baton Rouge, Louisiana 70825
Telephone: (225) 218-4446
Fax: (225) 246-2876

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the above and foregoing Answer has this day been placed in the U.S. mail, postage prepaid, and properly addressed to:

Allen M. Posey, Jr.
4920 Jamestown Avenue
Baton Rouge, Louisiana 70808

Baton Rouge, Louisiana, this 23RD day of June, 2014.

_____
Mary E. Colvin