UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICIA LEE CUMMINGS                              CIVIL ACTION

VERSUS                                               NO.: 15-195-SDD-RLB

WINN-DIXIE MONTGOMERY, LLC ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 21, 2015.

                                                                            _____
                                                                            RICHARD L. BOURGEOIS, JR.
                                                                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICIA LEE CUMMINGS                                CIVIL ACTION

VERSUS                                               NO.: 15-195-SDD-RLB

WINN-DIXIE MONTGOMERY, LLC ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the court is Plaintiff's Motion to Remand. (R. Doc. 7). Any opposition to this Motion was required to be filed within 21 days after service of the Motion. LR 7(f). Defendants have not filed an opposition as of the date of this Report and Recommendation. The Motion is therefore unopposed.

**I.   Background**

On May 8, 2014, Patricia Lee Cummings ("Plaintiff") filed this action in 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants Winn-Dixie Montgomery, LLC ("Winn-Dixie") and the fictitious XYZ Insurance Company. (R. Doc 1-2 at 1-2, "Petition"). Plaintiff alleges that she slipped and fell on a puddle of water while shopping at a Winn-Dixie store, resulting in injuries to her knee and shoulder. (Petition, ¶¶ 2-4). Plaintiff alleges "that as a result of this fall, she incurred medical and drug expenses, sustained physical and mental pain and suffering, lost wages, disability and inconvenience." (Petition, ¶ 7). Plaintiff prays for a jury trial. (Petition, ¶ 10).

On March 31, 2015, Winn-Dixie removed this action alleging that the court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (R. Doc. 1). Winn-Dixie alleges that there is complete diversity because it is a citizen of the State of Florida and Plaintiff is a citizen of

Louisiana.[1] (R. Doc. 1 at 2). Winn-Dixie further alleges that the amount in controversy requirement is satisfied based on the allegations in the Petition, including Plaintiff's request for a jury trial, and an interrogatory response indicating Plaintiff is going to have surgery on her right shoulder. (R. Doc. 1 at 3).

On June 24, 2015 Plaintiff moved to remand on the basis that she has filed a sworn stipulation that her damages do not exceed the sum of $75,000.00, exclusive of interest and costs. (R. Doc. 7).

## II.     Arguments of the Parties

Plaintiff submits that the action should be remanded based upon her post-removal stipulation. Defendant has not provided any arguments opposing remand of this action in light of the post-removal stipulation.

## III.    Law and Analysis

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem.*

---

[1] The citizenship of defendants sued under fictitious names, such as defendant XYZ Insurance Company, is disregarded for the purpose of determining the diversity of the parties at the time of removal. 28 U.S.C. § 1441(b)(1).

*Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). The removing party has the burden of proving federal jurisdiction and, if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. §1447(c).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . does not permit demand for a specific sum" removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id.* If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

The only issue before the court is whether the amount in controversy is facially apparent, and if not, whether the ambiguity regarding the amount in controversy has been resolved.

Plaintiff alleges that she slipped and fell on a puddle of water while shopping at a Winn-Dixie store, resulting in injuries to her knee and shoulder. (Petition, ¶¶ 2-4). Plaintiff alleges

"that as a result of this fall, she incurred medical and drug expenses, sustained physical and mental pain and suffering, lost wages, disability and inconvenience." (Petition, ¶ 7). While Plaintiff alleges she incurred medical and drug expenses, she does not identify the scope of the medical treatment she received or continues to receive as a result of her fall. Similarly, Plaintiff does not identify the extent of medical and drug expenses incurred or her profession and wages allegedly lost.

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501-BAJ-DLD, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, 2010 WL 371027 (M.D. La. 2010); *Nelson v. Wal–Mart Stores, Inc.*, 2009 WL 1098905 (W.D. La. 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, 2008 WL 4822283 (W.D. La. 2008); and *Bonck v. Marriot Hotels, Inc.*, 2002 WL 31890932 (E.D. La. 2002)), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012). "When, as in the instant case, the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc.*, No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores,* No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

The Petition does not provide sufficient facts for determining the severity of Plaintiff's injuries. Plaintiff alleges various broad categories of damages commonly alleged in personal

injury actions. Plaintiff does not allege the specific nature of her physical injuries or the treatment she sought. Plaintiff's vague allegation that she "injured her knee and shoulder" indicates little more than potential soft tissue damage. There is no allegation that Plaintiff has suffered fractures or other wounds that would require immediate medical attention. There is no indication of treatment received. In the absence of additional factual assertions by Plaintiff regarding the extent or nature of the actual physical injuries suffered, the Petition does not provide enough information for the court to conclude that the amount in controversy is facially apparent. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

Furthermore, although Louisiana Code of Civil Procedure article 893(A) prohibits plaintiffs from specifying an amount of damages in a petition filed in Louisiana court, it expressly requires plaintiffs to generally allege, if applicable, that the damages sought are sufficient to qualify for the right to a jury trial or to establish federal jurisdiction.[2] The Petition is silent as to whether the jurisdictional threshold for diversity jurisdiction is present. The Petition does allege, however, that Plaintiff is seeking a jury trial. This suggests that Plaintiff believes her claims to exceed $50,000, which is the threshold for a right to a jury trial in Louisiana. *See* La. C.C.P. Art. 1732. While the court may consider Plaintiff's jury demand, given the vague injuries and categorical damages alleged in the Petition, the court gives it little weight in establishing the amount in controversy. *See Brown v. Richard*, No. 00-cv-1982, 2000 WL 1653835, at *4 (E.D. La. Nov. 2, 2000) ("jury demand for state court can be a factor in

---

[2] "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate." La. C. Civ. P. art. 893(A)(1).

5

determining whether the amount in controversy requirement for federal jurisdiction is satisfied" but alone is not controlling to satisfy the jurisdictional requirement).

In the absence of additional factual assertions by Plaintiff regarding the extent or nature of the actual physical injuries suffered, the Petition does not provide enough information for the court to conclude that the amount in controversy is facially apparent. *See Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

The court may consider Plaintiff's post-removal stipulation offered to clarify the amount in controversy. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("[P]ost-removal affidavits may be considered in determining the amount in controversy at the time of the removal."); *ANPAC*, 988 F.2d at 565 (when the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider it in determining whether remand is proper); *McGlynn v. Huston*, 693 F. Supp. 2d 585, 596 (M.D. La. 2010) (properly considering post-removal affidavit regarding the amount in controversy "since [defendant] failed to carry his burden of proof upon removal and the amount in controversy remains ambiguous"); *Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F. Supp. 2d 594, 597 (E.D. La. 2008) ("When the amount in controversy is ambiguous, as it is here, the nonremoving party may submit [a post-removal] affidavit to clarify the amount of damages sought.").

A plaintiff's stipulation that the amount in controversy is not satisfied is only binding "if, within that stipulation, [he] expressly renounced his right to recover in excess of $75,000.00" in state court. *McGlynn*, 693 F. Supp. 2d at 593 (plaintiff's stipulation was not binding because it failed to "provide that he will not accept more than [$75,000] in the event he is awarded that amount in state court"); *see also Printworks, Inc. v. Dorn Co., Inc.*, 869 F. Supp. 436, 440 (E.D. La. 1994) (stipulations which "fall short of stipulating that the claimant will not seek more than

6

the jurisdictional amount" are not binding). This is because a Louisiana state court can award all damages to which it feels a plaintiff is entitled, regardless of what is plead in the petition. *See* La. C. Civ. P. art. 862 ("a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings").

Plaintiff submitted a stipulation signed June 19, 2015, providing that her damages do not exceed the sum of $75,000.00, exclusive of interest and costs; any verdict award must be reduced to $75,000.00, exclusive of interest and costs; and Plaintiff may not recover from the defendants any amount exceeding $75,000.00, exclusive of interest and costs. (R. Doc. 7-1). This binding post-removal stipulation clarifies that the amount in controversy is not satisfied.[3]

## III. Conclusion

For the foregoing reasons, the court does not have subject matter jurisdiction under 28 U.S.C. §1332(a) because the amount in controversy requirement has not been satisfied.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the Plaintiff's Motion to Remand should be **GRANTED**, and the case should be **REMANDED** to the 19th Judicial District Court, East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on July 21, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] In its Notice of Removal, Winn-Dixie suggests that Plaintiff's indication in response to an interrogatory that she was going to have surgery performed on her right shoulder demonstrates that the amount in controversy requirement is satisfied. Other than this discovery response, Winn-Dixie has not provided any summary judgment type evidence (such as medical records or invoices) indicating the nature of the proposed surgery or its related costs. Given the vague and conclusory nature of Plaintiff's allegations of injuries and damages, and the fact that Winn-Dixie has not opposed Plaintiff's Motion to Remand, the court concludes that Winn-Dixie has failed to meet its burden of demonstrating that the amount in controversy requirement is satisfied and that the court may exercise diversity jurisdiction over this action.